PROB 12C
(6/16)

Report Date: January 4, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 04, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Nash M. Teal | Case Number: 0980 2:14CR00104-TOR-1 |

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: December 4, 2014

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of Ammunition, 18 U.S.C. § 922(g)(1) | |
| Original Sentence: | Prison - 46 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>June 28, 2018 | Prison - 6 months<br>TSR - 30 months | |
| Revocation Sentence:<br>October 24, 2019 | Prison - 2 months<br>TSR - 28 months | |
| Revocation Sentence<br>February 25, 2020 | Prison - 12 months and 1 day<br>TSR  - 16 months | |
| Asst. U.S. Attorney: | Michael James Austen Ellis | Date Supervision Commenced: December 28, 2020 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: April 27, 2022 |

## PETITIONING THE COURT

To issue a **warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence**: It is alleged Mr. Teal violated the terms of his supervised release by failing to secure a COVID-19 test prior to entering the Spokane Residential Reentry Center (RRC), as directed by the undersigned officer, on or about December 31, 2020.<br><br>On February 25, 2020, Mr. Teal appeared before the Court for a supervised release revocation hearing.  He was made aware of his conditions of supervised release upon his revocation. |

Prob12C
Re: Teal, Nash M.
January 4, 2021
Page 2

On December 29, 2020, Mr. Teal contacted the undersigned officer after his release from custody. He was made aware that prior to entering the RRC on December 31, 2020, he needed to provide verification to RRC staff that he had received a COVID-19 test.

On December 31, 2020, RRC staff informed the undersigned officer that Mr. Teal showed up to the RRC without verification of a COVID-19 test, and he told staff he was aware he needed to get one, but did not follow the instructions of the undersigned. He was turned away and would not be allowed into the RRC without proof of the test.

2          **Special Condition # 1**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

**Supporting Evidence**: It is alleged Mr. Teal violated the terms of his supervised release by failing to enter the RRC, as directed, on December 31, 2020.

On February 25, 2020, Mr. Teal appeared before the Court for a supervised release revocation hearing. He was made aware of his conditions of supervised release upon his revocation.

On December 15, 2020, the undersigned notified Mr. Teal's case manager at Atwater United States Penitentiary (USP), that Mr. Teal was scheduled to enter the Spokane RRC on December 31, 2020, upon his release from custody.

On December 29, 2020, Mr. Teal contacted the undersigned officer after his release from custody. He was made aware that he needed to enter the RRC, as directed, on December 31, 2020, by 12 p.m.

On December 31, 2020, at approximately 5:30 p.m., the undersigned was notified by RRC staff that Mr. Teal was not allowed to enter the RRC, because he did not follow the instructions of the undersigned officer to obtain proof that a COVID-19 test had been completed, and he was under the influence of alcohol upon his arrival. Due to these circumstances, Mr. Teal was not allowed to enter the RRC. His whereabouts are currently unknown

3          **Special Condition # 5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: It is alleged Mr. Teal violated the terms of his supervised release by consuming alcohol on or about December 31, 2020.

On February 25, 2020, Mr. Teal appeared before the Court for a supervised release revocation hearing. He was made aware of his conditions of supervised release upon his revocation.

Prob12C
**Re: Teal, Nash M.**
**January 4, 2021**
**Page 3**

On December 31, 2020, staff at the Spokane RRC informed the undersigned officer that upon Mr. Teal's arrival at the RRC, he was under the influence of alcohol and had a positive blood alcohol concentration (BAC) of .07.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   01/04/2021

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
United States District Judge

January 4, 2021
Date